# Richmond.

## DAVIS V. TEBBS AND ALS.

### APRIL 8th, 1886.

1. CHANCERY PRACTICE—*Partition— Title — Equity — Notice — Bills — Demurrer.*—The jurisdiction of equity to decree partition of lands and take cognizance of all questions of law arising therein affecting title is settled by statute. Code 1873, ch. 120, sec. 1. A bill averring that plaintiff, under a duly probated will, is entitled to part of a tract of land held by defendant owning the other part under the same will, and praying for partition, is sufficient, though it fails to aver that defendant purchased his part with notice of plaintiff's claim ; it sufficiently appearing that defendant was put on inquiry, and being bound to make it, was affected with knowledge of all he might have discovered had he done his duty. *Effinger* v. *Hall, ante,* p. 94.

2. IDEM— *Identity — Pleadings — Evidence.* — Where the answer and exhibits identify the land held by defendant with the land claimed by plaintiff in his bill, there is no need for proof on that point.

3. CASE AT BAR—*Laches—Statute of limitations.*—B, mother of plaintiff, under her father's will as construed by this court in 1867 (see 17 Gratt. 349), owned a life estate in the land in dispute, with remainder in fee to such of her children as might survive her. She died in 1852, and out of seven children, only three survived her, of whom plaintiff was one. By deed in 1817, she relinquished her life estate to her seven children then living, and suit was brought for partition. Pending it, in 1818, a deed was made between the adults (to which plaintiff, being then a minor, was no party), agreeing to abide the partition to be made. The record has been destroyed, but the partition was made between the seven. In 1827 a deed was executed by plaintiff and others, ratifying the partition, but not so far as T. was concerned, neither he nor his wife being party to the deed. She was one of the three survivors, and

her interests and the interests of her sister, the remaining one of the three, had passed to T. In 1852, after the death of B., the life tenant, T. conveyed the whole of the land in dispute to D., the defendant. The suit to construe the will was brought within two years after the death of the life-tenant, and decided in 1867; and plaintiff brought this suit within three months after that deci sion for partition of the land held by D.—

HELD :

1. According to this court's construction of the will, the contingent remainder in one-third of the lands devised by the testator, vested in plaintiff upon his mother's death in 1852.

2. Plaintiff was not affected by the deed of 1817, nor by the partition, nor b ɣ the deed of 1818, they being founded on a misconstruction of the will, and he being no party to them.

3. Plaintiff is not estopped by the deed of 1827 from asserting against T. and those claiming under him his rights under the will to the land in dispute.

4. The circumstances disclose no *laches* in plaintiff in bringing his suit.

5. The statute of limitations cannot be sustained as a defence to plaintiff's suit, though fifteen years, three months and two days elapsed from the death of the life-tenant in 1852, when his right of action accrued, and the institution of his suit in 1867, because from that period must be deducted the war and stay-law periods between April 17th, 1861, and January 1st, 1869. *Hope* v. *R. R. Co.*, 79 Va. 283 ; *Updike* v. *Lane*, 78 Va. 132.

Appeal from decreé of circuit court of Loudoun county, rendered October 25, 1880, in the chancery cause therein pending, in which Samuel J. Tebbs was plaintiff and Alexander G. Davis was defendant. The object of the suit was to have partition of a tract of 202 acres, one rood and thirty-five perches of land, situate in said county, near Aldie, and held by defendant under a deed executed by Thomas Triplett, dated December 20, 1852. Plaintiff claimed one-third of the land under the will of his grandfather, William Carr, deceased, which was probated in Prince William county, Virginia, February 8, 1791; but admitted the title of Davis through Trip-

lett, to two-thirds thereof, to which title had been derived through said will by plaintiff's two sisters, who had passed the same to Triplett.

The decree of the circuit court being adverse to the defendant, Davis, he obtained from one of the judges of this court an appeal and *supersedeas.*

Opinion states the case.

*John M. Orr* and *Joseph Christian,* for the appellant.

*Payne & Alexander,* for the appellee.

LEWIS, P., delivered the opinion of the court.

The plaintiff in the court below, the appellee here, filed his bill on the 20th of June, 1867, alleging that he was entitled to an undivided third interest in a certain tract of land, situate in the county of Loudoun, derived by him under the will of his grandfather, William Carr, senior, deceased, and which land was in the possession of the defendant, the appellant here. That under the then recent construction of the will by this court, in the case of *Tebbs* v. *Duval,* 17 Gratt. 349, Mrs. Betsy Tebbs, daughter of the testator and mother of the plaintiff, took an estate for life in the land, with remainder in fee to such of her children as might survive her. That the life tenant died on the 18th of March, 1852, leaving surviving her three children, whose interest thereupon became vested. That by some arrangement one Thomas Triplett, a son-in-law of the said Betsy Tebbs, had become entitled to the interests of two of the surviving children, sisters of the plaintiff, and that by deed dated the 20th of December, 1852, the said Triplett had undertaken to convey the absolute title to the whole tract of land to the defendant. And the prayer of the bill

was that partition of the land between the plaintiff and the defendant be decreed; that an account of rents and profits be ordered, and for general relief.

The defendant demurred to the bill, and also answered. And the cause coming on to be heard, the demurrer was overruled and a decree entered for the plaintiff; whereupon the defendant appealed.

Various errors are assigned, of which the first is that the circuit court erred in overruling the demurrer. It is insisted that the bill shows no equity on its face, and that the plaintiff's right ought first to have been established in an action at law. We. are of opinion that this assignment is not well taken. The jurisdiction of a court of equity to decree partition in a case like the present is too well established to admit of doubt. Indeed, the objection of the appellant is decisively met by the statute itself, which, in order to prevent a multiplicity of suits, expressly confers on courts of equity jurisdiction of all questions affecting the legal title to lands, of which partition is sought by a suit in equity. It enacts as follows:

"Tenants in common, joint tenants, and coparceners shall be compellable to make partition, and the court of equity of the county or corporation wherein the estate, or any part thereof, may be shall have jurisdiction in cases of partition, and in the exercise of such jurisdiction may take cognizance of all questions of law affecting the legal title that may arise in any proceeding." Code 1873, ch. 120, sec. 1; 2 Min. Insts. 416, *et seq.*

It is also contended that the bill is demurrable, because it does not allege that the land was purchased by the defendant with notice of the plaintiff's claim. But this position is clearly untenable. An authenticated copy of the will is exhibited with the bill, from which it appears that, in 1791, the will was duly admitted to probate and ordered to be recorded. The

presumption, of course, is, though the record does not show, that it was recorded.    But whether recorded or not, it is referred to in subsequent deeds which are links in the chain of title conveyed by Triplett to the defendant in 1852, and thus the latter was put upon inquiry when that conveyance was made. And "whenever inquiry is a duty, the party bound to make it is affected with knowledge of all which he would have discovered had he performed the duty."    *Cardova* v. *Hood*, 17 Wall. 1; *Effinger* v. *Hall,* ante p. 94.

The case of *Carter* v. *Allen*, 21 Gratt. 241, upon which the appellant relies, has no application to the present case.    There land was sought to be recovered on the strength of a latent equity of which the purchaser had no notice, actual or constructive, and it was accordingly held that the plaintiff was not entitled to recover.    The mere statement of the case is sufficient to show that it has no bearing on the case in hand.

It is next contended that the circuit court erred in decreeing for the plaintiff, because there was no evidence to identify the land mentioned in the bill as that of which the defendant was in possession, and in respect of which partition was decreed· A sufficient answer, however, to this objection is, that the defendant himself filed as exhibits with his answer copies of certain deeds under which he derived title, and which, taken in connection with the answer, not only connect the land in question with the will of William Carr, senior, but show that it was allotted, as part of the real estate devised, to Triplett and wife in the lifetime of Mrs. Betsy Tebbs, the life-tenant.    In other words, the answer and the exhibits taken together identify the land, and thus obviated the necessity for proof on that point by the plaintiff.    The title, however, of the plaintiff is denied in the answer, and this brings us to the consideration of the real merits of the case.

As we have already seen, the mother of the plaintiff took

under the will of her father, as construed by this court in *Tebbs* v. *Duval*, a life estate in the land, with remainder in fee to such of her children as might survive her.

Of seven children, three only survived her, to-wit: two daughters and a son—Samuel J. Tebbs, the plaintiff; so that at the death of the life-tenant in 1852, the title of the plaintiff, theretofore contingent, became vested, unless in some way it had been previously relinquished or parted with. And the appellant contends that this was done by virtue of certain deeds and decrees, to which reference will be briefly made.

It appears that by deed, dated May 2, 1817, the life-tenant surrendered to her children her life estate in the land, and that soon thereafter a suit for partition between the children was instituted in the county court of Prince William county. Pending that suit, a deed, dated May 27, 1818, was executed by and between the adult children, to which the plaintiff, being at the time an infant, was not a party, in which they covenanted to abide by the partition to be made in that suit. The record of that suit was destroyed during the late war, and we are not informed as to the exact scope of the pleadings or of the decrees therein, but it appears from certain deeds filed in the present suit that partition between the seven children then living was decreed and made.

It is evident, however, that the partition proceedings were instituted, and the deeds between the parties were executed under a mistaken construction of the testator's will; that is to say, under the idea that the remainder upon the determination of the life estate of Mrs. Tebbs was to her children who might survive her and to the representatives of such of her children as might then be dead. But however that may be, undoubtedly the source of the parties' titles is the will, and not the partition proceedings in the county court, and consequently the rights of the plaintiff are not affected by those proceedings, unless,

as the appellant contends, he is estopped from denying their binding force and effect by his deed, dated May 2, 1827, executed after he had attained the age of twenty-one years.

By that deed, it is true, he did assent to and ratify the partition that had been made, but not so far as Triplett, the grantor of the defendant, was concerned. Neither Triplett nor his wife were parties to that deed, and it would seem they were intentionally excluded from the benefit thereof, and consequently the plaintiff is not estopped by the deed from asserting his claim as against Triplett, or those claiming under him.

It is contended, however, that the bill should have been dismissed, on the ground of *laches* on the part of the plaintiff in asserting his claim. But this position is not supported by the facts and circumstances of the case.

It appears that within two years after the death of the life-tenant the suit of *Tebbs* v. *Duval* was instituted, the object of which, among other things, was to obtain a judicial construction of the will of William Carr, senior, and that the decision of this court was not rendered until the 15th of April, 1867. Then it was finally determined that only those of her children who survived the life-tenant were entitled under the will to any interest in the lands devised; and the rights of the plaintiff having been thus determined, the present suit was instituted within three months thereafter.

It is also plain that the defence of the statute of limitations cannot be sustained. The right to sue accrued at the death of the life-tenant, on the 18th of March, 1852 (*Ball* v. *Johnson,* 8 Gratt. 281; *Hope* v. *N. & W. R. R. Co.,* 79 Va. 283), and the suit was instituted on the 20th of June, 1867, or fifteen years, three months and two days after the right accrued. But from this time is to be deducted the period of the war and the time during which the stay-law was in force—that is, the time intervening between the 17th of April, 1861, and the 1st of

January, 1869, which leaves for the running of the statute less than seven years before the suit was commenced.

This sufficiently disposes of the case, and the result is that the decree must be affirmed.

DECREE AFFIRMED.